PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID HUNTER, | ) |
|       Plaintiff, | ) CASE NO. 1:18CV2122 |
| v. | ) JUDGE BENITA Y. PEARSON |
| DR. TALLMAN, *Cuyahoga County Justice Jail/Metro Hospital*, et al., | ) |
|       Defendants. | ) **ORDER** [Resolving ECF Nos. 10, 11] |

*Pro se* Plaintiff David Hunter filed this lawsuit while detained at Cuyahoga County Corrections Center, pending trial in a criminal case.[1] ECF No. 1 at PageID#: 2. He brings the action under 42 U.S.C. § 1983 against Defendants Dr. Thomas Tallman and Warden Eric Ivey, purporting to allege medical malpractice and neglect. Dr. Tallman and Warden Ivey move the Court to dismiss the complaint for failure to state a claim on which relief can be granted. ECF Nos. 10, 11. Despite ample time to do so, Plaintiff has not responded to those motions. The

---

[1] Since litigation commenced, Plaintiff has apparently been released from detention. He provided his home address in his complaint, ECF No. 1 at PageID#: 11, but since then, all but one correspondence (ECF No. 4) has been returned undeliverable.
    The litigant bears the burden of apprising the Court of any changes to his mailing address. *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him")).

(1:18CV2122)

Court has been advised, having reviewed Defendants' briefs, the pleadings, and the applicable law. For the reasons stated in this Order, the motions to dismiss are granted.

## I. Background[2]

Plaintiff was admitted to Cuyahoga County Jail on May 23, 2018, and he advised the medical staff there of some ongoing medical issues. ECF No. 1-4. On June 2, 2018, he was sent to St. Vincent Hospital, where he was told he had a viral infection in his chest and that he was suffering dehydration and syncope. *Id.* He was also told that he should see a cardiologist. *Id.* On either June 7, 2018, or June 9, 2018, or perhaps on both occasions, he was seen by a care provider and an echocardiogram was conducted. *Id.* On June 8, 2018, and again on June 12, 2018, the medical staff acknowledged that Plaintiff was advised to see a cardiologist but stated that they could not schedule an appointment for him until they received his medical records. ECF Nos. 1-4, 1-6. On July 17, 2018, the medical staff confirmed, in response to Plaintiff's request, that "[a]n appointment will be scheduled for you to see a cardiologist *via* telemedicine." ECF No. 1-7.

Plaintiff filed the complaint in this case on September 17, 2018.[3] ECF No. 1. He states that, by May 26, 2018, his "conditions had become critical." *Id.* at PageID#: 5. He says that his viral infection developed into walking pneumonia, and that his "condition has worsened." *Id.* It is unclear whether he was seen by a cardiologist by the time his complaint was filed. Plaintiff

---

[2] Background facts are described as narrated by Plaintiff in his complaint and incorporated exhibits.

[3] He signed his complaint, however, on July 30, 2018. ECF No. 1 at PageID#: 11.

2

(1:18CV2122)

seeks damages against Cuyahoga County Corrections Center Warden Eric Ivey and Dr. Thomas Tallman, whom he calls a "subcontracted physician," in their individual and official capacities, under 42 U.S.C. § 1983. He states that Dr. Tallman engaged in "malpractice" and, later, "medical neglect." ECF No. 1 at PageID#: 7.

Defendants Dr. Tallman and Warden Ivey separately moved the Court to dismiss the complaint for failure to state a claim on which relief can be granted. ECF Nos. 10, 11. Plaintiff did not file a response.

## II. Standard of Review

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

3

(1:18CV2122)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Twombly*, 550 U.S. at 556. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557 (brackets omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged    but it has not 'show[n]'    'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Rule 8(a)(2)). The Court "need not accept as true a legal conclusion couched as a factual allegation or an unwarranted factual inference." *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 539 (6th Cir. 2012) (citations and internal quotation marks omitted).

### III. Law and Analysis

#### A. Official-Capacity Claims

A § 1983 claim against a state actor in his official capacity is construed as a suit against the government entity that the officer represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). For the claims against both Dr. Tallman and Warden Ivey, the government entity in interest is Cuyahoga County. *See* ECF No. 1 at PageID#: 2. To sustain an action under § 1983 against a government entity, a plaintiff must show that his injury was inflicted by the execution of the government entity's "policy or custom." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).

4

(1:18CV2122)

Plaintiff makes no suggestion in his complaint that he was injured by the execution of any policy or custom. For that reason, Plaintiff's official-capacity claims are dismissed for failure to state a claim on which relief can be granted.

### B. Warden Ivey (Individual Capacity)

In his motion to dismiss, Warden Ivey aptly points out that the complaint makes no allegations of misconduct as to Warden Ivey. *See* ECF No. 10 at PageID#: 81-82. Plaintiff alleges medical malpractice and neglect as to Dr. Tallman, but he makes no suggestion that Warden Ivey himself engaged in any misconduct. The complaint mentions Warden Ivey only in passing, when Plaintiff confirms that he has complied with the facility's grievance procedure prior to engaging in litigation. *See* ECF No. 1 at PageID#: 7.

Plaintiff does not allege that Warden Ivey himself infringed any of Plaintiff's federally guaranteed rights. For that reason, Warden Ivey's motion to dismiss for failure to state a claim (ECF No. 10) is granted.

### C. Dr. Tallman (Individual Capacity)

To sustain a claim under § 1983, a plaintiff must allege government action infringing on federally guaranteed rights, or at least, that the infringement of federal rights is "fairly attributable to the state." *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). In his complaint, Plaintiff describes Dr. Tallman as a "subcontracted physician" of the Corrections Center. ECF No. 1 at PageID#: 2. Ordinarily, a physician under contract with a state to provide medical services to inmates at state

5

(1:18CV2122)

prison (or to detainees at a state jail) acts under color of state law, and his conduct is "fairly attributable to the state." *See* West v. Atkins, 487 U.S. 42, 50-51 (1988).

Plaintiff does not expressly identify which federal rights Dr. Tallman might have infringed, instead describing "malpractice" and "medical neglect." ECF No. 1 at PageID#: 7. Nevertheless, "*pro se* pleadings are to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); *see* Fed. R. Civ. P. 8(e). So construed, Plaintiff's claim could arguably be read as alleging deliberate indifference to serious medical need, a violation of substantive due process guaranteed by the Fourteenth Amendment.[4]

"Deliberate indifference is not mere negligence. Deliberate indifference requires that the defendants knew of and disregarded a substantial risk of serious harm to [the plaintiff's] health and safety." Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 835-37 (1994)). The standard is subjective. It is not enough to show that a defendant *should have known* of a given risk. Rather, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

---

[4] "The Eighth Amendment does not apply to pretrial detainees. Under the Fourteenth Amendment Due Process Clause, however, pretrial detainees have a right to adequate medical treatment that is analogous to the Eighth Amendment rights of prisoners." Watkins v. City of Battle Creek, 273 F.3d 682, 685-86 (6th Cir. 2001) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).

(1:18CV2122)

In his complaint, Plaintiff alleges that he made the "medical team" aware of his undefined heart condition on May 23, 2018, and he subsequently states that he "advised the medical staff and Dr. Tallman of [his] heart condition." ECF No. 1 at PageID#: 5. Apart from that latter conclusory assertion, Plaintiff makes no suggestion in his pleading (nor in any incorporated exhibits) that Dr. Tallman himself was actually aware of any of Plaintiff's medical needs. He attaches two inmate requests (ECF Nos. 1-6, 1-7) and a medical grievance (ECF No. 1-4) to his complaint, but he gives no indication that Dr. Tallman read any of them, nor that anyone conveyed the content of those messages directly to Dr. Tallman. Absent any plausible allegation that Dr. Tallman was actually aware of Plaintiff's serious medical need, Plaintiff cannot sustain claim against him under § 1983 for deliberate indifference.

To the extent Plaintiff's claim against Dr. Tallman sounds in state-law medical negligence, the Court declines to take jurisdiction over the claim pursuant to 28 U.S.C. § 1367(c)(3). Dr. Tallman's motion to dismiss for failure to state a claim (ECF No. 11) is granted.

### IV. Conclusion

For the reasons stated above, Defendants' motions to dismiss the complaint (ECF Nos. 10, 11) are granted. A separate Order of Dismissal shall issue.

IT IS SO ORDERED.

| | |
|---|---|
| April 24, 2019 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |